Tat,taff.-rt¡o, J.
The plaintiff sues the firm of A. Brown & Co., as makers, and T. S. Powell & Co., as endorsers of a promissory note for the sum of seven hundred and fifty dollars, with interest.
Judgment was rendered in the Court below in favor of the plaintiff 'against A. Brown, a member of the firm of A. Brown & Co., and against the endorsers, in solido. ,
Erom this judgment A. Brown alone appeals.
The only question presented is as to the legality of citation.
The citation was addressed to A. Brown & Co., and also to T. S. Powell & Co., and, in all other respects, appears to have the requisites of a legal citation. The sheriff’s return on the citation, addressed tó A. Brown & Co., reads as follows:
“Received, January 29th, 1866. On the 31st day of January, 1866, served copy of the within citation, accompanying on defendant at 320 Magazine street, by leaving the same into the hands of J. E. Paul, chief clerk of the firm of Brown & Co., a free person, apparently over the age of fourteen years, residing at the said domicil, and whose name and other facts connected with this service, I learned by interrogating him, the defendant being absent from home at the time of said service.”
(Signed) “ John Hecioe, Deputy Sheriff.”
A judgment by default was taken against A. Brown & Co., on the 12th of February, 1866. On the 15th of that month, John E. Paul, by counsel, filed an “ application,” as it is styled, asking that the judgment by default be set aside, stating that A. Brown & Co. have no commercial domicil here, and that he has no authority to accept service of any petition or citation, and that A. Brown & Co. cannot, by him, be brought- into court.
On trial of the case afterwards, Paul was introduced as a witness by defendants. He testified that A. Brown & Co. were not then in business in New Orleans; that they were notin business there in January; that they had not been in business in New Orleans since the 30th of September, 1865; that they had no store or commercial domicil in New Orleans at the time the suit was brought; that Brown lived at Natchez, where the note was dated; that the house or firm of A. Brown & Go., was dissolved in September, 1865; that he had been keeping the house for a year and a half; that the establishment was at 320 Magazine street; that Andrew Brown owns the property in which witness carried on business, This witness stated that he “had a power of attorney from them in January; never since.” And afterwards, on cross-examination, he said “that he held a power of attorney from Andrew Brown, of the firm of A. Brown & Co.” This was produced. It is a notarial act, dated 14th of October, 1865.
This act specifies, among various powers granted to Paul, that he may “ ask, demand, sue for, recover, receive, etc., all moneys, goods and effects due him. To appear in all courts of law or equity, there to do and prosecute as occasion shall require, or to compromise, compound and agree in the premises by arbitration, or otherwise, as the said attorney shall in his discretion think fit; and generally, to do and perform all and whatever shall or may be required and necessary in the premises, as fully, amply and effectually to all intents and purposes, with the same force and *77 validity, as lie the said constituent could or might do, if personally present. ”
There is no evidence in the record, showing that any public notice was ever given of the dissolution of the commercial partnership of A. Brown & Co., and none whatever that notice of that event was ever given to the plaintiff, or that he had knowledge of it when he instituted suit. The cause seems to have been regularly set for trial, and the trial gone into without its being required by defendant, that the exception to the citation should previously be disposed of.
As a witness in the case, J. E. Paul said: “ There was no notice giwen to plaintiff of the dissolution of that firm (Andrew Brown & Co.) that I know of; don’t know that any public notice was given of the dissolution of that firm; don’t think that they could have been given without my knowledge; I have no interest in the firm; I was a clerk of the firm.” And again, when questioned in relation to Brown’s property, and the nature of his business relations with Brown, the same witness said: “ I transact all his (Brown’s) business for him here. I hold a power of attorney from A. Brown to do that business.”
The citation is directed to A. Brown & Co. It was served, as the return recites, at the house or store where the business of the firm had been conducted, and upon “ J. E. Paul, chief clerk of Brown & Co,” and who was, at the time of the service, the agent and attorney in fact of Andrew Brown, then absent from the State. It appears that Andrew Brown lived at Natchez, Miss., doing the business operations of the firm of A. Brown & Co. in New Orleans, and there is nothing showing that he ever lived in New Orleans. It is not established that Paul was the clerk or agent of the firm, at the time this suit was instituted against it. His own testimony is clearly to the effect that he was not. He was, however, at that time, the agent and attorney in fact of Andrew Brown. The mandate introduced, grants a few special powers, but among them we do not find the power to defend suits. He is clothed with no power that seems sufficient to authorize the service of citation upon- him. To represent his principal, as defendant, is not a power of mere administration. Such a power, it was laid down by Judge Slidell, in Fusilier v. Bolin, á A. p. 61, can result only from the express terms of the instrument, or from an implication so clear as to be irresistible. C. C., Art. 2966.
Erom all the facts of the case, we conclude that the citation was insufficient, and, consequently, that the judgment is without effect.
It is therefore ordered, adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed, and that there be judgment rendered in favor of the defendant, the plaintiff and appelle paying costs in both courts.
Petition for a Rehearing, by plaintiff and appellee. — The plaintiff respectfully prays for a rehearing in this case, to correct a clerical error in the decree entered.
The judgment reverses the decree of the lower Court, owing to there being no legal service of citation, and the defendant not having been brought properly before the Court, and renders judgment in favor of defendant.
We respectfully submit that no final judgment can be rendered herein, unless the parties are before the Court; if they are. plaintiff is entitled to a judgment, the evidence fully supporting his demand; if they are not, the only decree can be one of dismissal or nonsuit.